IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| L-S INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| J. CHRISTOPHER MATLACK, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff, | ) | No. 3:07-CV-273 |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM HUGHES and | ) | |
| L-S INDUSTRIES, INC., | ) | |
| | ) | |
| Counter-Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This civil action is before the court on "Defendant Christopher Matlack's Motion for Partial New Trial" [doc. 105]. Plaintiff, L-S Industries, Inc. ("LSI"), has filed a response in opposition to the motion [doc. 118]. The court held a hearing on the motion on June 25, 2010. The court has considered the written submissions by the parties and the oral arguments of counsel and is now prepared to rule. For the reasons that follow, the motion for partial new trial will be denied.

This case was tried to a jury, with the presentation of proof lasting four days. The jury found in favor of LSI on its breach of duty of loyalty claim against defendant, Christopher Matlack ("Matlack"), and awarded LSI $131,500. The jury found in Matlack's

favor regarding LSI's claim for violation of the Tennessee Trade Secrets Act. The jury then found in Matlack's favor on his counter-claim against LSI and counter-defendant William Hughes, the owner of LSI, for breach of the written bonus agreement entered into by the parties. Matlack was awarded $130,500 by the jury on this claim.

Matlack seeks a new trial only on the issue of the breach of duty of loyalty claim. He makes two primary arguments: 1) that he was prejudiced by the admission of two exhibits, Exhibit 45 and Exhibit 47, and 2) that the damages awarded on the breach of loyalty claim are contrary to the weight of the evidence.

Matlack has moved pursuant to Fed. R. Civ. P. 59 for a partial new trial. "Under Rule 59, after a jury trial a court may grant a new trial 'for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.'" *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 405 (6th Cir. 2006) (quoting Fed. R. Civ. P. 59(a)). "Generally courts have interpreted this language to mean that a new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996) (citations omitted).

The movant has the burden of showing the basis for a new trial. *Clarksville-Montgomery County Sch. Sys. v. U.S. Gypsum Co.*, 925 F.2d 993, 1002 (6th Cir. 1991). To prevail on a motion for new trial, a party "must show that he was prejudiced and that failure to grant a new trial is inconsistent with substantial justice." *Erskine v. Consol. Rail Corp.*, 814 F.2d 266, 272 (6th Cir. 1987). The decision to grant a motion for new trial is within the broad discretion of the trial court. *Bell v. Johnson*, 404 F.3d 997, 1002-03 (6th Cir. 2005); *Anchor v. O'Toole*, 94 F3d 1014, 1021 (6th Cir. 1996). A district court's denial of a motion for new trial is reviewed for an abuse of discretion and will be reversed only if the appellate court has "a definite and firm conviction that the trial court committed a clear error of judgment." *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820 (6th Cir. 2000) (quoting *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989)).

When determining whether to grant a new trial based on prejudice stemming from judicial error, the court considers the arguments in light of Fed. R. Civ. P. 61:

> Unless justice requires otherwise, no error in admitting or excluding evidence – or any other error by the court or a party – is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

"To constitute proper grounds for granting a new trial, an error, defect or other act must affect the substantial rights of the parties." *Walker v. Bain*, 257 F.3d 660, 670 (6th Cir. 2001) (citing Fed. R. Civ. P. 61). "'Broad discretion is given to district courts in determinations

of admissibility . . . and those decisions will not be lightly overturned.'" *Nolan v. Memphis City Schs.*, 589 F.3d 257, 265 (6th Cir. 2009) (quoting *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 897 (6th Cir. 2004)). "Even if a mistake has been made regarding the admission or exclusion of evidence, a new trial will not be granted unless the evidence would have caused a different outcome at trial." *Barnes v. City of Cincinnati*, 401 F.3d 729, 743 (6th Cir. 2005) (citing *Morales v. Am. Honda Motor Co., Inc.*, 151 F.3d 500, 514 (6th Cir. 1998)). In addition, "a new trial will not be granted on the ground that surprise evidence was admitted unless the moving party was prejudiced." *Erskine*, 814 F.2d at 272.

> When ruling on a new trial motion claiming that the verdict was against the weight of the evidence, the district court may compare the opposing proofs and weigh the evidence. However, while the district judge has a duty to intervene in appropriate cases, the jury's verdict should be accepted if it is one which could reasonably have been reached.

*Conte v. Gen. Housewares Corp.*, 215 F.3d 628, 637 (6th Cir. 2000) (internal quotation marks and citations omitted). A jury's "verdict is not unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable." *Woodbridge v. Dahlberg*, 954 F.2d 1231, 1234 (6th Cir. 1992) (citations omitted); *see also J.C. Wyckoff & Assocs. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1487 (6th Cir. 1991).

> "[N]ew trials are not to be granted on the grounds that the verdict was against the weight of the evidence 'unless that verdict was unreasonable.'" *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820-21 (6th Cir. 2000) (quoting *Holmes,* 78 F.3d at 1047). "[C]ourts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Id.* at 821 (citing *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir. 1967)). Hence, as long as a reasonable juror could have reached the challenged verdict, a new trial is improper. *Barnes*, 201 F.3d at 821 (citing *Holmes*, 78 F.3d at 1048).

*Tate v. Wenger*, No. 1:04-CV-379, 2006 WL 2882717, at *1 (E.D. Tenn. Oct. 6, 2006). "Thus, a motion for a new trial should be denied 'if the verdict is one that reasonably could be reached, regardless of whether the trial judge might have reached a different conclusion were he the trier of fact.'" *Lativafter Liquidating Trust v. Clear Channel Commc'ns, Inc.*, No. 3:05-CV-578, 2008 WL 2697351, at *2 (E.D. Tenn. July 1, 2008) (citing *Mosley v. Kelly*, 65 F. Supp. 2d 725, 739 (E.D. Tenn. 1999) (quoting *Powers v. Bayliner Marine Corp.*, 83 F.3d 789, 796 (6th Cir. 1996))).

Exhibit 45 was a collective exhibit consisting of a series of emails and a purchase order from Composite Containers to Inteplast[1] for $50,000. Matlack was copied on the emails. The exhibit was not used by LSI in its case in chief; rather it was presented to rebut Matlack's testimony on direct when he said Bonnie Finchum, an LSI officer, lied about a $50,000 invoice.

---

[1] Inteplast is the company Matlack worked for at the same time he was working for LSI, and it was this working relationship on which LSI based its breach of duty of loyalty claim.

5

"The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *United States v. Bland*, No. 06-5876, 2007 WL 2781114, at *3 (6th Cir. 2007) (quoting *United States v. Levy*, 904 F.2d 1026, 1031 (6th Cir. 1990) (citation omitted)).

> It is well established that the admission of rebuttal evidence lies within the sound discretion of the trial court and appellate courts will not interfere with the trial court's ruling unless there is a clear abuse of discretion. Indeed, great deference is accorded to the discretion and judgment of the trial court when granting and/or denying a party's motion for rebuttal or surrebuttal testimony.

*Benedict v. United States*, 822 F.2d 1426, 1431 (6th Cir. 1987). The exhibit was properly admitted as rebuttal evidence. Further, Finchum properly obtained the document from LSI's email system after Matlack left the company, so it was an LSI document. In addition, there is no indication that Matlack objected to admission of this exhibit at trial, and the court is therefore not going to consider his claim that the exhibit was inadmissible.

Nevertheless, even if the exhibit had been improperly admitted, Matlack has not shown that he was prejudiced by its admission or that the outcome of the trial would have been different. While Matlack wants to argue that this was practically the only evidence from which the jury could have found he had breached his duty of loyalty, the record demonstrates otherwise. There was ample testimony and documentary evidence in the record from which the jury could have determined that Matlack breached his duty of loyalty. This one exhibit did not stand alone to prove that claim.

Matlack, however, also argues and presents a supporting affidavit to the effect that the purchase order, No. CC829, that is part of Exhibit 45 was fabricated and is not the true invoice bearing that number from Composite Containers. At the hearing, counsel clearly represented to the court that Exhibit 45 in its entirety had been provided to Matlack by LSI at the time of Rule 26 initial disclosures. Thus, Matlack not only had the contents of the exhibit prior to trial but also since the very beginning of the litigation. Obviously, he chose not to investigate the exhibit until after trial and after the jury had found against him on the breach of duty of loyalty claim. The court is not going to engage in after-trial fact finding or speculation regarding this exhibit. As referenced above, there was ample proof in the record other than this exhibit from which the jury could have determined that Matlack breached his duty of loyalty to LSI.

Exhibit 47 was again a rebuttal exhibit introduced through Finchum. It was a document she received from one of LSI's customers, and it was introduced by LSI at trial to rebut testimony that Matlack had not used LSI's confidential pricing information. There is no dispute that the document had not been produced during discovery, and in fact LSI's counsel was not aware of it until Finchum presented to him during the course of the trial.

In spite of Matlack's claims of how highly prejudicial this piece of "smoking-gun" evidence is, the court does not find he has shown he was prejudiced by it sufficiently to warrant a new trial. The evidence was introduced as rebuttal evidence in connection with LSI's claim that Matlack was using its confidential pricing information in violation of the

Tennessee Trade Secrets Act. Matlack prevailed on that claim at trial as the jury returned a defense verdict. Now Matlack also wants to argue that this evidence was critical regarding the breach of duty of loyalty claim. The jury may or may not have considered this exhibit in relation to that claim. In any event, even with its admission, there was still ample testimonial and documentary evidence beyond this exhibit from which the jury could have found a breach of duty of loyalty by Matlack.

Finally, Matlack contends that the damages awarded to LSI on the breach of duty of loyalty claim are contrary to the weight of the evidence. The court has considered the proof and finds that the verdict was reasonable. While Matlack offers explanations for how the jury must have reached what in his opinion is an erroneous result, the bottom line is that based on the evidence presented at trial the jury could have reasonably found as it did. The jury was free to interpret the evidence and draw inferences both for and against Matlack. Simply because Matlack offers an interpretation of the evidence that is or might be reasonable is not a basis for awarding him a new trial. *Barnes v. City of Cincinnati*, 401 F.3d 729, 743 (6th Cir. 2005) ("The jury was free to draw inferences and interpret the evidence in favor of or against the City. The fact that the City's interpretation of the evidence is itself reasonable does not entitle it to a new trial."). The damage award for the breach of duty of loyalty claim is reasonable and not against the weight of the evidence as a whole.

Accordingly, for all of the reasons stated above, "Defendant Christopher Matlack's Motion for Partial New Trial" [doc. 105] is hereby **DENIED**.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge